UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY McGLADE,

        Plaintiff,

v.

BANK OF AMERICA, NA, as successor by merger to BAC Home Loans Servicing, L.P., Successors in Interest or Assigns,

        Defendant.

                                             /

CASE NO. 13-12564

HON. MARIANNE O. BATTANI

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Bank of America, N.A.'s ("BANA") Motion to Dismiss (Doc. No. 9). The Court has reviewed all the relevant filings and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(f)(2). For the reasons discussed below, the Court grants Defendant's motion.

**I.    INTRODUCTION**

Plaintiff Mary McGlade purchased property located at 19201 Stephens Dr., Eastpoint, Michigan (the "Property"). She entered into a mortgage loan transaction with Great Lakes Mortgage Funding, Inc. ("Great Lakes"). McGlade obtained a $153,772 loan, which was secured by a mortgage on the property granted to Mortgage Electronic Registration System ("MERS") as nominee for Great Lakes and a promissory note (Note). (Doc. No. 5, Exs. A, B). MERS assigned the mortgage to BANA on April 10, 2012. (Doc. No. 5, Ex. C).

Plaintiff defaulted on her obligations under the Note and mortgage, and BANA initiated foreclosure proceedings on the Property, which was sold at a sheriff's sale held October 26, 2012. (See Doc. No. 5, Ex. D). BANA purchased the property. Two days before the statutory redemption period expired, Plaintiff filed suit in Macomb County Circuit Court. Defendant timely removed the state court action to this Court and filed a motion to dismiss the complaint for failure to state a claim.

McGlade brings six causes of action: Count I–Fraudulent Misrepresentation; Count II–Estoppel; Count III–Negligence; Count IV–Violation of the state Regulation of Collection Practices Act; Count V–Violation of the Fair Debt Collection Practices Act; and Count VI–violation of the Michigan Consumer Protection Act. The Court discusses the viability of Plaintiff's claims below.

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion "allows a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir.1993). To survive a motion to dismiss, the plaintiff must "state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility "requires showing more than the sheer possibility of relief but less than a probable entitlement to relief." Fabian v. Fuller Helmets, Inc., 628 F.3d 278, 280 (6th Cir. 2010) (citations and internal quotation marks omitted).

In reviewing a motion to dismiss, the court "must construe the complaint in the light most favorable to the plaintiff [and] accept all factual allegations as true." In re DeLorean

Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993).  This standard does not require the court to accept as true legal conclusions, conclusory statements, or "threadbare recitals of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### III. ANALYSIS

Before turning to the merits of Defendant's arguments, the Court must decide whether to consider documents attached to Defendant's motion that are outside the pleadings.  In Weiner v. Klais and Co., 108 F.3d 86,88 (6th Cir.1997), the Sixth Circuit observed that the lower court "may consider any matters of which a court may take judicial notice without converting a party's motion to dismiss into a motion for summary judgment." Moreover, when the documents are referenced in a complaint and are central to the claims, the court may consider them in resolving a motion to dismiss.  Id. (quoting Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir.1993)).

Therefore, in assessing the viability of the claims, the Court considers not only the allegations in the complaint, but also documents referenced in the pleadings that are central to the claims, such as the Note and mortgage.  Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322-23 (2007).  These exhibits are incorporated by reference, verifiable, and integral to the parties' dispute.

#### A. Statute of Frauds

There is no dispute that BANA purchased the Property at a foreclosure sale. Likewise there is no dispute that the redemption period has expired. Defendant maintains that once the period expired, it was vested with all the rights, title, and interest in the property, and McGlade no longer has standing to challenge the sale.

3

Under Michigan law, legal title to a foreclosed property vests in the holder of the sheriff's deed unless the property is redeemed within the six-month statutory redemption period.  See Mich. Comp. Laws § 300.3236-3240.  Nevertheless, an equitable extension of the redemption period may be available with a clear showing of fraud or irregularity. See Overton v. Mortgage Elec. Registration Sys., Inc., No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009).  Accord Manufacturers Hanover Mortgage Corp. v. Snell, 370 N.W.2d 401, 404 (Mich. Ct. App. 1985) (noting that a mortgagor could challenge an invalid foreclosure by advertisement by raising equitable defenses to a summary eviction proceedings); United States v. Garno, 974 F. Supp. 628, 633 (E. D. Mich. 1997) (holding that under Michigan law, "a very good reason" may mandate setting aside a foreclosure sale) (citation omitted).  The Court therefore considers whether Plaintiff's allegations of fraudulent misrepresentation provide a sufficient basis to attack the foreclosure.  See Hart v. Countrywide Home Loans, Inc., 735 F. Supp.2d 741, 745 (E.D. Mich. 2010); Lemke v. H & R Block Mortg. Corp., 11-14979, 2012 WL 715894 (E.D. Mich. Mar. 6, 2012) (citing Tatar v. Trott & Trott, P.C., No. 10–12832, 2011 WL 3706510 (E.D. Mich. Aug. 3, 2011)); Brezzell v. Bank of Am., N.A., No. 11–11467, 2011 WL 2682973 (E.D.Mich. July 11, 2011)).

Here, the factual basis for the fraudulent misrepresentation claim advanced by Plaintiff is that Defendant "knew or should have know that she would not qualify for a loan modification when she inquired about one." (Doc. No. 1, Ex. 1 at ¶ 19).  As the Sixth Circuit made clear in Colin v. Mortgage Elec. Registration Sys., Inc., 714 F.3d 355, 360 (6th Cir. 2013) (citations omitted), "[t]he misconduct must relate to the foreclosure

4

procedure itself." The misconduct alleged by McGlade does not relate to the foreclosure procedure itself, and she has failed to state a claim for which relief can be granted.

Moreover, the state Statute of Frauds bars claims against a financial institution in the absence of a signed writing to enforce a promise to "renew, extend, modify, or permit a delay in repayment or performance of a loan." See Mich. Comp. Laws. § 566.132(2). Because of the sweeping reach of the statute, any claim, regardless of how it is labeled, "against a financial institution to enforce the terms of an oral promise" is barred. Crown Technology Park v. D&N Bank, FSB, 619 N.W.2d 66 (Mich. Ct. App. 2000). Many courts have applied the rule to claims of fraud. See e.g. Baumgartner v. Wells Fargo Bank, N.A., 11-CV-14065, 2012 WL 2223154 (E.D. Mich. June 15, 2012) (citation omitted) (addressing a claim based upon a broken promise of a future loan modification, and observing that the lack of evidence that the defendant's authorized representative "made promises that plaintiff[ ] would receive the financial accommodation of a loan modification and reduced such promises to a written agreement" required dismissal). Because McGlade has not provided a signed writing by an authorized representative of BANA regarding a promise to modify her Loan, even if she had stated a claim of fraud, her claim must be dismissed.

### B. Estoppel

In Count II, McGlade asserts a promissory estoppel claim based on the same allegation that BANA misrepresented Plaintiff's eligibility for a loan modification. (Doc. No. 1, Ex. 2, Compl. at ¶ 18). For the same reason that McGlade cannot state a claim for fraud, she cannot state a claim for promissory estoppel. See Crown Technology, 619

N.W.2d 66.  This claim is dismissed.

### C. Negligence

To establish her claim of negligence against BANA, McGlade must show "duty, breach of that duty, causation, and damages." Brown v. Brown, 739 N.W.2d 313, 316–17 (Mich. 2007).  Duty is "the legal obligation to conform to a specific standard of conduct in order to protect others from unreasonable risks of injury." Lelito v. Monroe, 729 N.W.2d 564, 566 (Mich. Ct. App. 2006).

Because BANA had no duty to review McGlade for a loan modification, there can be no breach.  See Yaldu v. Bank of America Corp., 700 F. Supp. 2d 832, 846 (E. D. Mich. 2010).  Accordingly, the allegations giving rise to Count III fail to state a claim.

### D. Regulation of Collection Practices Act

Under Michigan law, the Regulation of Collection Practices Act ("RCPA") governs the collection practices of certain persons,[1] including BANA.  Mich. Comp. Laws § 445.251(g)(ii) -258.  The RCPA, prohibits BANA from making "an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt."  Mich. Comp. Laws § 445.252(e).  The statute also prohibits the use of "a harassing, oppressive, or abusive method to collect a debt."  Mich. Comp. Laws § 445.252(n).

In support of her claim, McGlade alleges that she received a debt validation letter while she was attempting to obtain a loan modification.  She contends that the letter was mailed so she would not dispute the validity of the debt because as a borrower trying to

---

[1] In her Complaint, McGlade captioned her claim as one under the state Fair Debt Collection Practices Act.  She makes clear that the claim is under the RCPA in her responsive pleading.

secure a loan modification, she would not dispute the validity of the debt she sought to modify. (Doc. No. 1, Ex. 2, Compl. at ¶¶ 40-42).

The statute does not authorize a claim based upon a plaintiff's reluctance to dispute the validity of a debt because of the timing of the validation. Plaintiff does not allege that the amount was incorrect, and there is no basis to apply the RCPA to the allegations made in this case. Therefore, Defendant is entitled to dismissal of Count IV.

### E. Fair Debt Collection Practices Act

The Fair Debt Collection Practices Act prohibits a debt collector from the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. In assessing whether a debt collector's actions are false, deceptive, or misleading under § 1692e, courts apply the "least sophisticated consumer" standard. Harvey v. Great Seneca Fin. Corp., 453 F.3d 324, 329 (6th Cir. 2006).

Here, the allegations advanced by McGlade to support her claim, which are the very same allegations advanced in her RCPA claim, contain no suggestion that BANA made a materially false or misleading statement. Nor would the timing of the validation letter "tend to mislead or confuse the reasonable unsophisticated consumer." Wallace v. Washington Mut. Bank, F.A., 683 F.3d 323, 326-27 (6th Cir. 2012). Consequently, she has failed to state a claim under the Fair Debt Collection Practices Act.

### E. Consumer Protection Act

Plaintiff's final claim is brought under the Michigan Consumer Protection Act ("MCPA"); however, the MCPA does not apply to a "transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory

authority of this state or the United States."   Mich. Comp. Laws § 445.904(1)(a).  The state courts have interpreted this language to mean that the MCPA does not apply to claims arising out of residential mortgage loan transactions.  See Newton v. Bank West, 686 N.W. 2d 491, 493 (Mich. Ct. App. 2004).  Plaintiff has no authority distinguishing her claim from those rejected on this ground by state or federal courts.  Accordingly, the Court agrees with Defendant that this claim must be dismissed.

## IV.  CONCLUSION

For the reasons stated, the Court **GRANTS** Defendant's motion.

**IT IS SO ORDERED.**


s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Date:  October 24, 2013

### CERTIFICATE OF SERVICE

Copies of this Opinion and Order were mailed and/or electronically filed to counsel of record on this date.


 s/Bernadette M. Thebolt
Case Manager